UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
FEB - 9 1999
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. SI-4:97CR290DJS |
| ) | Case No. SI-4:98CR117DJS |
| CHARLES THOMAS SELL, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the court on defendant Charles Thomas Sell's ("Defendant") Motion of Defendant for Magistrate Judge to Disqualify Herself [Docket No. 0, filed 2/1/99 in Case No. SI-4:97CR290DJS and Docket No. 141 in Case No. SI-4:98CR117DJS]. In this motion defendant requests the undersigned to disqualify herself on the grounds that she may be a witness in proceedings that may be initiated against defendant.

### BACKGROUND

On August 27, 1998 the undersigned released defendant on a $100,000 secured bond. On January 22, 1998 the Pretrial Services Officer presented a Petition for Action on Conditions of Release. Pursuant thereto the undersigned authorized the issuance of a warrant for the arrest of defendant. Defendant was taken into custody on January 23, 1998. On that same date, the undersigned attempted to conduct an Initial Appearance, however, defendant's behavior was erratic and violent and demonstrated that he was unable to control his conduct. The undersigned therefore ordered that during the Initial Appearance defendant be confined in the holding cell of the United States Marshals Service. The undersigned and appropriate clerical personnel from the Clerk's Office



as well as Assistant United States Attorney Dorothy McMurtry responded to the holding cell area. As the undersigned attempted to advise defendant of his rights pursuant to Rule 5 of the Federal Rules of Criminal Procedure, defendant spat directly into the undersigned's face. It was necessary to discontinue the Initial Appearance. On January 26, 1999 a Bond Revocation Hearing was held and the undersigned issued a written order revoking defendant's bond and ordering his detention. [117][1]

On February 9, 1998 and February 12, 1998 defendant filed Motions for Reconsideration of the Revocation Order [122, 123] and on March 24, 1998 the Honorable Donald J. Stohr denied the motions. [130] This order was appealed to the Eighth Circuit Court of Appeals and affirmed on April 8, 1998.

On September 2, 1998, defendant again filed a Motion for Reconsideration, this time based on newly discovered evidence. [192] On October 9, 1998 Judge Stohr denied this motion. [219]

On January 22, 1999 defendant again filed a Motion for Reconsideration based on Newly Discovered Evidence [266] and Judge Stohr referred the matter to the undersigned. [267] The government responded to this motion. [271]

Defendant has now moved that the undersigned disqualify herself because of the earlier spitting incident and because the government has informed defendant that they are considering bringing additional charges against defendant based on this incident and the undersigned is a potential witness in the case.

---

[1] This docket number and all subsequent docket numbers relate to Case No. SI-4:97CR290DJS unless otherwise noted.

## CONCLUSION

Although there is no doubt that the undersigned could disregard the earlier incident and fairly consider the pending Motion for Reconsideration, the undersigned believes that her presiding over this matter could lead to an appearance of impropriety. Canon 2 of the Code of Conduct for United States Judges.

Canon 3 of the Code of Conduct for Untied States Judges states in pertinent part:

C.   Disqualification

(1)   A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

(a)   The judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

In addition, defendant cites Rule 42(b) of the Federal Rules of Criminal Procedure which states in pertinent part "If the contempt charge involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent." Although this is not a contempt matter, this portion of the rule does provide guidance.

Based on all the foregoing, the undersigned will disqualify herself from further participation in this matter.

ACCORDINGLY,

**IT IS HEREBY ORDERED** that the Motion of Defendant for Magistrate Judge to Disqualify Herself is **GRANTED**. [Docket No. 0 filed 2/1/99 in Case No. SI-4:97CR290DJS and Docket No. 141 in Case No. SI-4:98CR117DJS]

**IT IS FURTHER ORDERED** that the undersigned disqualifies herself from all further proceedings in the above-styled cases.

**IT IS FURTHER ORDERED** that this file shall be returned to the Honorable Donald J. Stohr.

                                                MARY ANN L. MEDLER
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of February, 1999.

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED AND FAXED TO THE FOLLOWING
INDIVIDUALS ON 02/09/99 by bkirklan
          4:97cr290     USA vs Sell

COPIES FAXED AND/OR MAILED TO THE PARTIES LISTED BELOW AND THE
UNITED STATES PROBATION OFFICE AND UNITED STATES PRETRIAL SERVICE OFFICE.
IF THIS IS A JUDGMENT IN A CRIMINAL CASE SEND CERTIFIED COPIES TO THE
FOLLOWING:    3 Certified Copies to USM
              2 Certified Copies to USP
              1 Certified Copy to BOP

```
Thomas Caradonna   -   2779        Fax: 314-241-6056
Linda Hogan        -  69095        Fax: 314-721-1710
Frank Kaveney      -   3527        Fax: 314-862-4484
Lee Lawless        -   3650        Fax: 314-421-3177
James Lownsdale    -   3708        Fax: 314-721-0703
Arthur Margulis    -   7883        Fax: 314-721-1710
Dorothy McMurtry   -   6703        Fax: 314-539-6844
Barry Short        -   4358        Fax: 314-241-6056
```

SCANNED & FAXED BY:

FEB 10 1999

K. M. P.